UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DERRICK PEEPLES,

          Plaintiff,          Case No. 1:06-cv-424

v.          Honorable Gordon J. Quist

JENNIFER M. GRANHOLM et al.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed as frivolous.

**Discussion**

I.   Factual allegations

Plaintiff Derrick Peeples is presently incarcerated at the Carson City Correctional Facility (DRF). He sues Governor Jennifer Granholm, Michigan Department of Corrections (MDOC) Director Patricia Caruso, Michigan Attorney General Michael Cox, and DRF Warden Thomas Bell, in their individual and official capacities.

The allegations set forth in Plaintiff's complaint are difficult to follow. On or about April 20, 2006, Plaintiff sent an "Administrative Notice and Demand for Identification and Credentials" and "Letter of Inquiry" to Defendant Cox[1] requesting copies of instruments and documents that enabled the government to prosecute Plaintiff. *See* Ex. 1 to Compl. Defendant Cox failed to answer the notices. Plaintiff therefore mailed an "Affidavit of Notice of Default" to Defendant Cox. *See id.* Accordingly, Plaintiff alleges that Defendant Cox's silence equates to fraud.

Plaintiff also complains that Defendants violated FED. R. CIV. P. 9(b)[2] by capitalizing Plaintiff's name [DERRICK L. PEEPLES]. Plaintiff alleges that the capitalization of his name signifies a loss of legal status, an artificial entity or a slave.

Plaintiff finally argues that Defendant Cox failed to produce a sworn complaint from an injured party, an indictment, an international maritime contract or other contract to justify

---

[1] Plaintiff states that he sent the "Administrative Notice and Demand for Identification and Credentials" and "Letter of Inquiry" to Defendant *Cox* in his complaint. However, the actual documents are attached to his complaint and reveal that he addressed them to Defendant *Caruso*. *See* Ex. 1 to Compl.

[2] Federal Rule of Civil Procedure 9(b) provides:

> [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

incarcerating Plaintiff. By holding Plaintiff without a contractual obligation "for something the Plaintiff, was never duly informed/convicted," Defendants allegedly violated Plaintiff's due process and equal protection rights, Article VII of the Bill of Rights, and Plaintiff's Thirteenth Amendment right against involuntary servitude. Plaintiff also alleges state law violations of fraud, false imprisonment, conspiracy and trespassing.

For relief, Plaintiff requests (i) to be immediately released from prison, (ii) for Defendants to return all private property to Plaintiff, (iii) for Defendants to erase any mention of Plaintiff from the MDOC's computer website and any "other Michigan agency computer website," and (iv) to award compensatory and punitive damages.

II. Frivolous

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity, claims of infringement of a legal interest which clearly does not exist such as fantastic of delusional scenarios, and claims that lack an arguable or rational basis in fact. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted

a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that Plaintiff's allegations are unlikely. *Id.*

Plaintiff's complaint is frivolous for numerous reasons. First, Plaintiff's nonsensical allegations concerning contract law and FED. R. CIV. P. 9(b) are utterly devoid of merit. An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Lawler*, 898 F.2d at 1198. Because Plaintiff's action lacks an arguable basis in law, it will be dismissed as frivolous.

Second, Plaintiff's claim concerning his criminal conviction is not cognizable in this action. As Plaintiff contends that he has been wrongfully imprisoned, Plaintiff's complaint essentially challenges his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of an action for declaratory judgment or mandamus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).[3] Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993)

---

[3]Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

(dismissal is appropriate where action seeks equitable relief and challenges fact or duration of confinement).

Third, Plaintiff asserts generally that he has been denied due process and the equal protection of the law by Defendants' conduct. Plaintiff makes no specific factual allegations supporting such claims. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Moreover, even reading Plaintiff's *pro se* complaint indulgently, *Haines*, 404 U.S. at 520, the Court can identify no alleged conduct that would support a due process or equal protection violation.

### III.    State law

Plaintiff asserts state law claims of fraud, false imprisonment, conspiracy and trespass. Section 1983 does not provide redress for violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, I recommend that these claims be dismissed without prejudice.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) and Plaintiff's state law claims be dismissed without prejudice. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  September 14, 2006         /s/ Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).